UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20159-CR-GOLD/BANDSTRA

UNITED STATES OF AMERICA,

vs.

JORGE NUNEZ, et al.,

Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on [Defendant] Mr. Jorge Nunez's Motion to Dismiss (D.E. 1424) filed on August 29, 2005. In this motion, Jorge Nunez (hereinafter "Nunez" or "defendant") moves to dismiss the indictment under the double jeopardy clause of the Fifth Amendment to the United States Constitution. On August 30, 2005, this motion was referred to the undersigned by the Honorable Alan S. Gold which resulted in a hearing on this motion on October 14, 2005. Following full review of the proceedings, oral argument of counsel and applicable law, the undersigned recommends that Defendant's Motion to Dismiss be DENIED for reasons set forth below.

## PROCEDURAL HISTORY

On June 22, 1999, Nunez was indicted in the Southern District of Florida, together with several co-defendants, and charged with engaging in an illegal gambling business in violation of Section 849.09, Florida Statutes (Count I), and a conspiracy to launder illegal gambling proceeds in violation of 18 U.S.C. § 1956(c) (Count II). *See*

*United States v. Jorge Nunez, et al.,* Case No. 99-0449-CR-Lenard (S.D.Fla.). Defendant subsequently pled guilty to the illegal gambling charge in exchange for the dismissal with prejudice of the money laundering offense. See Plea Agreement dated March 2, 2000, attached hereto as Government Exhibit A. Defendant was given a sentence of eighteen (18) months imprisonment on May 17, 2000.

On May 31, 2005, Nunez and numerous co-defendants were indicted in a superseding indictment in the instant case and charged with a conspiracy to violate the Racketeering Influence and Corruption Act ("RICO"), 18 U.S.C. §1962(d). The RICO violation alleged against Nunez is based on predicate acts of "racketee ring activity" comprising "a pattern of racketeering activity" which include: (1) acts and threats involving gambling, in violation of Title 18, United States Code, Section 1961(1)(A) and Florida Statute Sections 849 and 771.011; (2) interstate and foreign transmission of wagering information, in violation of Title 18, United States Code, Sections 1961 (1)(B) and 1955; (3) engaging in an illegal gambling business in violation of Title 18, United States Code, Section 1961(1)(B) and 1955; and (4) illegal gambling, money laundering, and conspiracy to launder money, in violation of Title 18, United States Code, Sections 1961(1)(B), 1953 and 1956 (a) and (h).[1]

On August 29, 2005, Nunez filed the instant motion to dismiss arguing that the current indictment charging him with a RICO conspiracy based on the above-cited predicate acts violates the double jeopardy clause of the United States Constitution. Essentially, defendant contends that the RICO conspiracy charge is an unlawful re-prosecution of the same money laundering conspiracy indicted and dismissed with prejudice in 1999. Applying the five-factor "totality of the circumstances" test articulated in *United States v. Phillips*, 664 F.2d 971, 1006 (5th Cir. Unit B 1981), defendant argues that these two conspiracies are identical due to their similarity in

---

[1] See Superseding Indictment returned on May 31, 2005 (D.E. 1255).

2

time, location, participants, and overt acts - - despite differences in the criminal statutes allegedly violated.

The government opposes defendant's motion arguing distinctions in the two conspiracies and Supreme Court authority allowing the government to prosecute a RICO conspiracy following a conviction on an underlying predicate act. *See United States v. Gonzalez*, 921 F.2d 1530, 1538 (11th Cir. 1981) (*citing Garrett v. United States*, 471 U.S. 773(1985) (discussed below). The government further argues that the predicate act offenses alleged against Nunez are not lesser included offenses of the RICO conspiracy charge due to critical factual and legal distinctions between the prior and present offenses.

## ANALYSIS

The double jeopardy clause of the Fifth Amendment forbids that "any person be subject to the same offence to be twice put in jeopardy of life or limb." U.S.Const. amend. V. Double jeopardy renders unconstitutional a second prosecution for the same offense after acquital or conviction and multiple punishments for the same offense. *United States v. Boldin*, 772 F.2d 711, 725 (11th Cir. 1985) (*citing Albernaz v. United States*, 450 U.S.333 (1981)). Ordinarily, in determining whether the double jeopardy clause bars retrial,

> [t]he applicable rule is that where the same act or transactions constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304 (1932) (*citing Gavieres v. United States*, 220 U.S. 338 (1911)). The *Blockburger* test is applied by analysis of the elements of the offense charged, not by focusing on the evidence adduced (or to be adduced) at trial. *Phillips, supra*, 664 F.2d at 1006 (*citing Brown v. Ohio*, 432 U.S.

3

161 (1977)). Thus, a substantial overlap in the proof offered to establish the crimes is not a double jeopardy bar. *Boldin*, 772 F.2d at 726 (*citing Iannelli v. United States*, 420 U.S. 770 (1975); and *United States v. Garcia*, 718 F.2d 1528 (11th Cir. 1983)).

Federal courts have recognized that the *Blockburger* test of analyzing elements of two statutory offenses or similarties in evidence may not be sufficient to resolve a double jeopardy challenge in successive conspiracy cases. See *United States v. Marable*, 578 F.2d 151, 153 (5th Cir. 1978) ("same evidence test allows possibility of many separate prosecutions in all but the most limited and precise short-term conspiracies"); *United States v. Laguna-Estela,* 394 F.3d 54, 57 (1st Cir. 2005) (government's technical compliance with the *Blockburger* same elements does not always prevent government from carving up the same conspiracy into multiple prosecutions). Consequently, federal courts have used a more flexible test in multiple conspiracy prosecutions in which the court examines the "totality of the circumstances" to determine whether successive charges involve the same conspiracy. *See, e.g., United States v. Nyhuis*, 8 F.3d 731, 735-38 (11th Cir. 1993); *United States v. Maza*, 983 F.2d 1004, 1013-15 (11th Cir. 1993). The "totality of the circumstances" test typically involves consideration of five factors to determine whether successive conspiracy prosecutions violate double jeopardy guarantees, namely, (1) the time that the conspiracies cover; (2) where the conspiracies occurred; (3) the persons considered co-conspirators; (4) the overt acts alleged in the indictment or other description of the offenses charged that indicate the nature and the scope of the alleged unlawful activities; and (5) the substantive statutes allegedly violated. *Nyhuis,* at 735-38; *Maza*, 983 at 1013-15.

Double jeopardy challenges in RICO cases involving predicate acts previously prosecuted have resulted in still further analysis in this and other circuits. The Eleventh Circuit in *United States v. Gonzalez*, 921 F.2d 1530 (11th Cir. 1991), held

4

that the double jeopardy doctrine did not prevent a RICO prosecution for conspiring to participate in a drug smuggling operation even though predicate acts of certain conspiracy members including transporting drugs in interstate commerce had been conduct for which a defendant had been previously convicted. *See also United States v. O'Connor*, 953 F.2d 338 (7th Cir. 1992) (successive RICO prosecution following prosecution for the underlying predicate acts was not barred by double jeopardy clause); *United States v. Link*, 921 F.2d 1523 (11th Cir. 1991) (introduction of defendant's prior narcotics convictions to prove two racketeering acts in a RICO conspiracy charge did not violate double jeopardy).

In *United States v. Gonzalez, supra*, the Eleventh Circuit looked to the Supreme Court's decision in *Garrett v. United States*, 471 U.S. 773 (1985), which held that a prior conviction on a predicate drug offense did not operate as a double jeopardy bar to a later prosecution under 21 U.S.C. §848 for engaging in continuous criminal conduct (CCE). *Garrett*, 471 U.S. 773 (1985). Recognizing similarities between the CCE and RICO statutes in terms of requirements, structure and application, the Court in *Gonzalez* used the same analysis to find no double jeopardy violation in a RICO conspiracy case in which a predicate act was based on a prior prosecution. In so doing, the court explained:

> [*Garrett*] calls for a two-step analysis to determine whether successive prosecutions run afoul of double jeopardy constraints. The first step is to determine whether Congress intended that each violation be a separate offense. If such was not Congress' intent, there is no statutory grounds for two prosecutions and the double jeopardy analysis is complete. *Garrett*, 471 U.S. at 778, 105 S.Ct. at 2411, 85 L.Ed.2d 764. However, if Congress intended there to be separate offenses, and hence separate prosecutions, the second step is to determine whether the second prosecuted offense is considered the "same offense" as defined within the meaning of the Double Jeopardy Clause. *Id.* at 785, 105 S.Ct. at 245, 85 L.Ed.2d 764.

921 F.2d at 1535.

5

A. *Garrett*: Step One

Applying *Garrett's* two step analysis here, the undersigned finds that the instant RICO prosecution does not "run afoul" of the double jeopardy clause. As to step one, the undersigned finds that Congress intended the RICO statute to be a separate offense from either the illegal gambling statute to which Nunez pled guilty in 1999 or the money laundering conspiracy charge dismissed pursuant to his plea agreement. While both of these offenses are now predicate acts of the RICO conspiracy charge, they differ significantly from the RICO charge in terms of their statutory language, essential elements, and legislative history. *See United States Boldin*, 772 F.2d 719 (11th Cir. 1985), (held that Congress authorized multiple prosecutions for RICO and predicate drug offenses after reviewing statutory language of the two offenses, different requirements of the proof and legislative history).[2]

Here, as in *Boldin*, RICO and the predicate acts of illegal gambling and a money laundering conspiracy are in distinct chapters of the United States Code, are sufficiently distinguishable in terms of elements of proof with each offense requiring proof of additional facts which the other does not. Specifically, the prosecution must prove in the instant case that Nunez engaged in an "enterprise" and a "pattern of racketeering activity" consisting of at least two related acts of racketeering activity which "amount to or pose a threat of continued criminal activity." *See United States*

---

[2]*Boldin* used the well-known *Blockburger* test to find that two offenses, rather than one, are said to exist when "each [offense] requires proof of an additional fact which the other does not." 284 U.S. at 304. *Boldin* found that RICO requires proof of elements such as "enterprise" and a "pattern of racketeering activity" which were not part of the predicate drug offense. *Id*. at 772. Hence, *Boldin* found that under *Blockburger*, RICO and its predicate drug offenses were sufficiently distinguishable so as to infer that Congress intended to authorize multiple punishments. *Id*. at 729. The Eleventh Circuit in *Gonzalez* noted that the *Blockburger* test is now used, in large part, to determine Congres' intent regarding multiple punishments for two statutory violations. 921 F.2d at 1536, n.5 (*citing Garrett,* 471 U.S. at 779).

6

*v. O'Connor*, 953 F.2d 338, 340 (7th Cir. 1992) (citing cases). These requirements of proof for a RICO violation are not elements of either the illegal gambling or money laundering conspiracy offenses set forth as predicate acts. Similarly, convictions for illegal gambling and a money laundering conspiracy under the statutes previously charged involved elements not required for proof of a RICO conspiracy. Thus, the prior illegal gambling and money laundering offenses, while related to and part of the instant RICO charge, were clearly not intended by Congress to be the "same offense" as the RICO charge. While not conceding the point, defendant offers no argument or contrary authority which might refute Congress' intent regarding multiple punishments for these statutory violations. Thus, the undersigned finds, under the first step of *Garrett*, that Congress intended RICO to be an offense separate and distinct from the predicate act offenses alleged against Nunez in this case.

B. *Garrett*: Step Two

Turning to *Garrett's* second step, the undersigned finds that the RICO conspiracy charge is not the "same offense" within the meaning of the double jeopardy clause. As noted above, defendant argues that the money laundering conspiracy charge previously dismissed with prejudice and the current RICO conspiracy charge are the "same offense" using the "totality of the circumstances" test articulated above. Alternatively, defendant argues that the illegal gambling offense to which he pled guilty and the money laundering conspiracy charge previously dismissed are "lesser included offenses" now barred from prosecution under the double jeopardy clause.

Once again, the undersigned disagrees. Applying the five-factor "totality of the circumstances" test for comparison of conspiracy charges, the undersigned finds significant differences between the money laundering conspiracy dismissed in 1999 and the current RICO conspiracy under all five factors. As noted above, successive

7

conspiracy charges are often compared for double jeopardy purposes by looking at the time periods covered by the two conspiracies; where they occurred; the identify of the co-conspirators; the overt acts alleged or other descriptions of the conspiracies that indicate their nature and scope; and the substantive statutes allegedly violated. *Nyhuis*, 8 F.3d at 735-38.

Doing so here, the undersigned finds that the money laundering conspiracy dismissed in 1999 and the instant RICO conspiracy are clearly not the same. In the 1999 case, Nunez was charged with illegal money laundering activities which occurred between August 1990 and June 1994. Now, Nunez is charged with a RICO conspiracy spanning the years 1966 through 2004. The government's bill of particular advises that Nunez joined the RICO conspiracy in 1966, some 24 years prior to the money laundering conspiracy, and continued his participation until 2004, ten years after the completion of the earlier conspiracy. While arguing the four year overlap in time, defendant concedes that the government's discovery reveals acts related to the RICO conspiracy attributed to Nunez occurring as late as 1999- - five years after the alleged money laundering offense. Thus, these two conspiracies, while occurring simultaneously for a few years and involving some of the same or familiar illegal activities for those years, are significantly different in time and duration with the RICO conspiracy both predating and postdating the money laundering conspiracy by a number of years.

The two conspiracies also differ significantly in terms of location of illegal activity, co-conspirators involved, and the nature and scope of the alleged illegal activity. The 1999 conspiracy allegedly occurred in Miami-Dade County and "elsewhere" with no overt acts alleged outside of this district. The RICO conspiracy also allegedly occurred in this district and elsewhere with overt acts occurring in New York, New Jersey and Florida. The 1999 indictment charged Nunez and ten other

8